## Brown and Hackney, Inc., Appellant, *v.* The Rook Lumber Company.

*Appeals—Statute of limitations—Final judgment.*

An appeal taken from a final judgment more than a year after the order was made is not taken within the time limited by the statute, and will be quashed.

A decree discharging a rule to amend the record by changing the name of the defendant is a final judgment and an appeal therefrom taken after the statutory limitation will be quashed.

Argued November 15, 1926. Appeal No. 10, October T., 1926, by plaintiff from judgment of C. P. Bradford County, December T., 1922, No. 64, in the case of Brown and Hackney, Inc., v. The Rook Lumber Company. Before PORTER, P. J., HENDERSON, TREXLER,

Keller, Linn, Gawthrop and Cunningham, JJ.   Appeal quashed.

Attachment execution.   Before Maxwell, P. J.

The opinion of the Superior Court states the case.

The Court refused the petition to amend.   Defendant appealed.

*Error assigned* was the decree of the Court.

*J. Roy Lilley,* and with him *Wm. P. Wilson,* for appellant.

*John C. Ingham,* for appellee.

Opinion by Porter, P. J., March 3, 1927:

The plaintiff, having on Dec. 23, 1922, caused judgment to be entered against the defendant (Rook Lumber Company) in default of an affidavit of defense, presented a petition to the court below on November 3, 1924, praying that the record be amended "as to the name of the defendant so that the same will appear of record as 'M. M. Rook, trading as Rook Lumber Company.' "   The court granted a rule to show cause why the record should not be amended, which rule the court, on November 17, 1924, discharged and refused to permit the amendment.   There was here a final judgment against the defendant, two years later a motion to amend the record by changing the name of the defendant, a refusal of the court to permit amendment, and no appeal taken from that final order until November 24, 1925, more than a year after the order was made.   The appeal was not taken within the time limited by the statute and the assignment of error must be dismissed.

The appeal is quashed.